Filed 6/7/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 116

In the Matter of the Application for

Disciplinary Action Against Anne E.

Summers, A Member of the Bar of

the State of North Dakota

     ------------------------------------

Disciplinary Board of the Supreme Court

of the State of North Dakota, Petitioner

v.

Anne E. Summers, Respondent

No. 20120061

Application for Disciplinary Action.

SUSPENSION ORDERED.

Per Curiam.

Paul W. Jacobson (argued), Disciplinary Counsel, 515½ East Broadway Avenue, Suite 102, P.O. Box 2297, Bismarck, ND 58502-2297, for petitioner.

Gregory I. Runge (submitted on brief), 1983 East Capitol Avenue, Bismarck, ND 58501, for respondent.

Disciplinary Board v. Summers

No. 20120061

Per Curiam.

[¶1] Anne E. Summers and Disciplinary Counsel filed objections to the report of the hearing panel of the Disciplinary Board of the Supreme Court, which concluded Summers violated N.D.R. Prof. Conduct 1.3 and 1.4(a)(3) and (4).  The hearing panel recommended Summers pay the costs of the disciplinary proceeding and be suspended from the practice of law for six months and one day with the suspension stayed for a probationary period of one year.  We adopt the hearing panel’s recommendation and order Summers to pay the costs of the disciplinary proceeding in the amount of $4,648.36 within sixty days of this decision; we further order that Summers be suspended from the practice of law for six months and one day with the suspension conditionally stayed for a one-year probationary period to commence on August 1, 2012.

I

[¶2] On September 8, 2010, Erik Doll contacted Summers’ office by telephone and spoke with Summers’ legal assistant regarding modification of a child support order.  Doll was informed Summers would handle the matter for $850.  Following the phone call, Doll drafted a letter summarizing his legal matter.  Doll mailed the letter with a check for $850 to Summers’ office, and the check was negotiated by Summers.  Receiving no response to his letter, Doll emailed Summers on September 22, 2010, inquiring as to the status of his child support modification, but he received no response.  On September 30, 2010, Doll emailed Summers’ legal assistant regarding the status of his matter; the legal assistant responded, “We are working on the paperwork.  We will be in touch shortly.”  Doll sent additional emails on October 15, October 26, and November 2, 2010, but received no response.  On November 9, 2010, Doll called Summers’ office and left a message, but his call was not returned.  On November 10, 2010, Doll emailed Summers, informing her that if he did not receive a response by November 12, 2010, he would contact the State Bar Association of North Dakota.  Doll again received no response, and he filed a complaint with the Disciplinary Board.

[¶3] On November 22, 2010, after Doll filed a complaint with the Disciplinary Board, Summers emailed Doll several attachments of her work on the matter.  Doll responded to the email, noting he was able to open only one of the attachments in Summers’ email.  Doll informed Summers of changes that needed to be made to the document he was able to open.  In his response, Doll also asked how much of the $850 had been earned, how long it would take to make the changes he suggested, the time frame for filing the paperwork, and whether Summers needed additional information from him.  On November 23, 2010, Summers replied to Doll’s email and closed by stating that she would return his entire retainer if he did not wish to proceed with the matter.  Doll responded the same day, informing Summers he no longer wished to pursue modification of his child support order, and Summers returned the $850 to Doll.

[¶4] A petition for discipline was brought against Summers, alleging she had violated N.D.R. Prof. Conduct 1.3 by failing to act with reasonable diligence and promptness in representing Doll.  The petition also alleged Summers violated N.D.R. Prof. Conduct 1.4(a)(3) and (4) by failing to make reasonable efforts to keep Doll reasonably informed about the status of his matter and by not promptly complying with Doll’s reasonable requests for information.  A hearing panel was appointed, and a hearing was held.  Disciplinary Counsel called Doll to testify and introduced evidence of prior disciplinary actions against Summers, which resulted in admonitions on October 27, 2009, and October 25, 2010.  Summers also testified, stating she suffers from depression.  Summers testified her depression became worse after discovering a former employee embezzled money from Summers’ firm, and Summers stated she was depressed during her representation of Doll.  Summers also submitted medical records pertaining to her mental health, but did not call an expert to testify regarding her depression and any impact it may have had on her professional conduct.

[¶5] Following the hearing, the hearing panel found Summers violated N.D.R. Prof. Conduct 1.3 and 1.4(a)(3) and (4).  The hearing panel recommended Summers pay the costs of the disciplinary proceeding in the amount of $4,648.36 and be suspended from the practice of law for six months and one day with the suspension stayed for a probationary period of one year, subject to the following conditions:

A.  Summers shall pay the costs of the disciplinary proceeding within sixty (60) days of service of the Supreme Court’s order or within such time as the Supreme Court shall specify;

B.  While the suspension is stayed, Summers shall have no disciplinary complaints occurring within the time of the stay that are found to be meritorious by the relevant Inquiry Committee or Disciplinary Board of the Supreme Court;

C.  Summers shall enroll in the Lawyer Assistance Program and must comply with all terms and conditions specified by the Lawyer Assistance Committee, including terms and conditions of the [L]AP and any attorney mentor agreements (as the same may be from time to time amended with the concurrence of LAP and the Office of Disciplinary Counsel);

D.  Summers shall be responsible for all costs associated with her participation in the Lawyer Assistance Program, including all costs associated with her own treatment, if recommended by the LAP or Lawyer Assistance Committee;

E.  If any of the above conditions are violated, the Office of Disciplinary Counsel may file Petition to revoke the stay with the Supreme Court and Summers will be subject to active suspension from the practice of law for six months and one day, without credit for any period of the stay; and

F.  At the end of the stay, Summers will file with the Clerk of the Supreme Court and serve upon the Office of Disciplinary Counsel an affidavit stating that she has fully complied with the requirements of the Supreme Court’s order and has paid all required fees, costs, and expenses.  If no objection is filed from the Office of Disciplinary Counsel within twenty (20) days, the suspension provided herein shall be considered to have occurred and a proceeding for reinstatement to the practice of law shall not be necessary.

[¶6] Disciplinary Counsel objected to the hearing panel’s recommendation that Summers’ suspension be stayed for a probationary period of one year.  Summers objected to “the proposed order to pay costs in the amount [of] $4,648.36” and “to paragraph A of the Recommendation for Suspension.”

II

[¶7] We review the record in a disciplinary proceeding de novo.  
In re Disciplinary Action Against Edin
, 2005 ND 109, ¶ 9, 697 N.W.2d 727.  Although due weight is accorded to the hearing panel’s findings, conclusions, and recommendations, we do not automatically accept the hearing panel’s decision.  
Id.
  Disciplinary Counsel must prove, by clear and convincing evidence, each alleged violation of the disciplinary rules.  
Id.
  In determining what discipline,  if any, is warranted, each disciplinary case must be considered upon its own facts.  
Id.

A

[¶8] Disciplinary Counsel objects to the recommendation that Summers’ suspension be stayed, arguing Summers should be suspended for six months and one day or more.  When determining appropriate sanctions for violations of the North Dakota Rules of Professional Conduct, we are guided by the North Dakota Standards for Imposing Lawyer Sanctions.  
Edin
, 2005 ND 109, ¶ 11, 697 N.W.2d 727.  Aggravating and mitigating circumstances may be considered in deciding the appropriate sanction.  N.D. Stds. Imposing Lawyer Sanctions 9.1.  Listed among the mitigating factors for consideration are personal or emotional problems and physical or mental disability or impairment.  
Id.
 at 9.32(c), (h).

[¶9] Summers testified she struggles with depression and submitted medical records showing her history of depression, but Summers did not present expert testimony to demonstrate that her depression caused or contributed to her professional misconduct.  Disciplinary Counsel asserts Summers’ depression should not be considered as a mitigating factor because “there is no expert testimony that ties those issues to an inability of Summers to meet her professional responsibilities.”  To support his position, Disciplinary Counsel relies on 
In re Disciplinary Action Against Rau
, 533 N.W.2d 691 (N.D. 1995).  In that case, the attorney seeking mitigation submitted medical records showing he suffered from bipolar personality disorder, leading the attorney to experience alternating periods of elation and depression.  
Id.
 at 694.  But the attorney offered no expert testimony showing a causal relationship between his mental illness and professional misconduct, which included “intentional acts of lying to and cheating his clients.”  
Id.
 at 695.  We noted, “When an attorney seeks mitigation of a sanction for professional misconduct by reason of psychological disability, the attorney must at least demonstrate he had a severe psychological or emotional problem and it was the cause of the misconduct.”  
Id.
  Because the evidence presented by the attorney in 
Rau
 was insufficient to demonstrate how his bipolar personality disorder and depression caused his misconduct, we stated that, in the absence of expert testimony demonstrating causation, “we can only speculate about the effect his illness had on his actions, and we need more than speculation to mitigate his sanction for professional misconduct.”  
Id.

[¶10] We do not read 
Rau
 to require an attorney suffering from a personal or emotional problem or a physical or mental disability or impairment to offer expert testimony in order for the condition to be considered as a mitigating factor.  In 
Rau
, the evidence presented by the attorney did not “bridge the gap between the correlation of Rau’s medical condition and professional misconduct on the one hand, and the causal relationship between the two, on the other hand.”  
Rau
, 533 N.W.2d at 695.  Without expert testimony demonstrating causation, we were unable to say that the attorney’s medical condition caused his professional misconduct.  
Id.

[¶11] In contrast, the hearing panel in this case found the evidence presented by Summers did establish a causal relationship between her depression and professional misconduct.  Summers testified regarding her history of depression, stating she was depressed when she represented Doll and when she received previous disciplinary admonitions.  The hearing panel observed Summers’ medical records contained the diagnostic impressions of “dysthymia and anxiety disorder not otherwise specified” and “major depression, recurrent and chronic, currently mild.”  The hearing panel determined Summers violated N.D.R. Prof. Conduct 1.3, failure to act diligently, and 1.4(a)(3) and (4), failure to keep her client reasonably informed, accepted the relationship between Summers’ depression and her professional misconduct, and properly considered her depression as a mitigating factor in recommending a disciplinary sanction.  We adopt the hearing panel’s recommendation that Summers be suspended from the practice of law for six months and one day with the suspension stayed for a probationary period of one year, provided Summers complies with the probationary conditions enumerated above.  Summers is also subject to discipline in Supreme Court case numbers 20120022 and 20120023.  In order to coordinate the sanctions in this case with the sanctions in cases 20120022 and 20120023, the probationary period shall commence on August 1, 2012.

B

[¶12] Summers objects to the hearing panel’s recommendation that she pay the costs of the disciplinary proceeding in the amount of $4,648.36 within sixty days of this Court’s decision.  Summers argues the costs should be waived or, alternatively, she should be allowed to make equal payments toward the costs during her one-year probationary period.  Summers cites no rules or case law in support of her argument regarding payments, claiming only that spreading payments over one year “will alleviate the pressure to find the funds all at one time.”

[¶13] “Unless otherwise ordered by the court or hearing panel, costs and expenses of all . . . discipline proceedings, including, without limitation, the costs of investigations, service of process, witness fees, and a court reporter’s services, must be assessed against the lawyer in any case where discipline is imposed . . . .”  N.D.R. Lawyer Discipl. 1.3(D).  “We review the disciplinary counsel’s affidavit of costs incurred to ensure such costs, expenses, and attorney fees are reasonable.”  
In re Disciplinary Action Against Howe
, 2001 ND 86, ¶ 35, 626 N.W.2d 650.  In prior disciplinary proceedings, we have held a $75 per hour attorney billing rate was reasonable.  
See, e.g.
, 
id.
; 
In re Disciplinary Action Against Howe
, 2001 ND 7, ¶¶ 16-

17, 621 N.W.2d 361.  Disciplinary Counsel in this case billed his time at $75 per hour, and the costs, expenses, and attorney fees noted on the affidavit of costs are reasonable.  We adopt the hearing panel’s recommendation that Summers be required to pay costs totaling $4,648.36 within sixty days of this decision.

III

[¶14] We order Summers suspended from the practice of law for six months and one day with the suspension stayed for one year, provided Summers complies with the conditions of her probation.  The one-year probationary period shall commence on August 1, 2012.  Any reinstatement is governed by N.D.R. Lawyer Discipl. 4.5.  We also order Summers to pay the costs of the disciplinary proceeding in the amount of $4,648.36 within sixty days of this decision.

[¶15] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring