2012 ND 205

In the Matter of the Application for DISCIPLINARY ACTION AGAINST Anne E. SUMMERS, A Person Admitted to the Bar of the State of North Dakota Disciplinary Board of the Supreme Court of the State of North Dakota

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner

v.

Anne E. Summers, Respondent.

No. 20120317.

Supreme Court of North Dakota.

Oct. 1, 2012.

SUSPENSION ORDERED.

PER CURIAM.

[¶ 1]   The Court has before it Findings, Conclusions, and Recommendation by the Hearing Panel of the Disciplinary Board recommending that Anne E. Summers be suspended from the practice of law in North Dakota for six months and one day, effective retroactive to August 1, 2012, and that she pay costs of the disciplinary proceeding for violations of the North Dakota Rules of Professional Conduct.   We conclude there is clear and convincing evidence Summers violated N.D.R. Prof. Conduct 1.4(a)(3) and 1.4(a)(4) and we adopt the findings, conclusions, and recommendation of the hearing panel.

[¶ 2]   Summers was admitted to practice law in the state of North Dakota on October 11, 1982.   Summers' license to practice law was suspended for nine months, effective August 1, 2012.   *Disciplinary Board v. Dyer*, 2012 ND 118, 817 N.W.2d 351.   Summers' license to practice law was also suspended for six months and one day, with the suspension conditionally stayed for a one-year probationary period to commence on August 1, 2012.   *Disciplinary Board v. Summers*, 2012 ND 116, 817 N.W.2d 363.

[¶ 3]   On February 28, 2012, Summers was served a Summons and Petition for Discipline.   The Petition alleged that Summers represented a client regarding en-

forcement of visitation rights and counseling with his child. The child's mother was responsible for arranging the counseling, which he alleged she did not do. Summers filed a motion on June 24, 2011. From that date to September 2011, the client periodically contacted Summers to inquire as to the status of the motion, to which Summers responded she was waiting for the court to schedule a hearing. In September, the client learned he could check the docket on the internet and discovered the court dismissed the motion on July 27, 2011.

[¶ 4] The Petition alleged that Summers' conduct violated N.D.R. Prof. Conduct 1.3, Diligence, which provides that a lawyer shall act with reasonable diligence and promptness in representing a client; N.D.R.Prof. Conduct 1.4(a)(3), Communication, which provides that a lawyer shall make reasonable efforts to keep the client reasonably informed about the status of a matter; and N.D.R.Prof. Conduct 1.4(a)(4), Communication, which provides that a lawyer shall promptly comply with the client's reasonable requests for information. With regard to the potential sanction, the Petition alleged that N.D. Stds. Imposing Lawyer Sanctions 9.22(a) regarding prior disciplinary offenses is an aggravating factor.

[¶ 5] A Hearing Panel was appointed, and it considered a Stipulation and Consent to Discipline. The Stipulation and Consent to Discipline stated that Summers' conduct violated N.D.R. Prof. Conduct 1.4(a)(3) and 1.4(a)(4), but that a violation of N.D.R. Prof. Conduct 1.3 could not be proven by clear and convincing evidence.

[¶ 6] The Hearing Panel made findings, conclusions, and a recommendation, which were forwarded to this Court on August 9, 2012. The Hearing Panel outlined Summers' previous disciplinary history. Summers was admonished October 27, 2009, by the Inquiry Committee West for violations of N.D.R. Prof. Conduct 1.3, and admonished October 25, 2010, for violation of N.D.R. Prof. Conduct 1.4. On June 7, 2012, Summers was suspended for nine months, effective August 1, 2012. *Disciplinary Board v. Dyer*, 2012 ND 118, 817 N.W.2d 351. Also on June 7, 2012, Summers was suspended for six months and one day, with the suspension conditionally stayed for a one-year probationary period to commence on August 1, 2012. *Disciplinary Board v. Summers*, 2012 ND 116, 817 N.W.2d 363.

[¶ 7] In recommending a sanction, the Hearing Panel considered N.D. Stds. Imposing Lawyer Sanctions 4.62, which provides that suspension is generally appropriate when a lawyer knowingly deceives a client, and causes injury or potential injury to the client and N.D. Stds. Imposing Lawyer Sanctions 4.63, which provides that reprimand is generally appropriate when a lawyer negligently fails to provide a client with accurate or complete information, and causes injury or potential injury to the client. The Hearing Panel also considered Summers' prior disciplinary offenses as an aggravating factor under N.D. Stds. Imposing Lawyer Sanctions 9.22(a).

[¶ 8] Objections to the Findings, Conclusions, and Recommendation were due within 20 days of service of the report. No objections were received, and the matter was submitted to the Court for consideration.

[¶ 9] ORDERED, that the Findings, Conclusions, and Recommendation of the Hearing Panel are accepted. We order Summers suspended from the practice of law for six months and one day, effective retroactive to August 1, 2012. We also order Summers to pay the costs of the disciplinary proceeding in the amount of $250 within 60 days of the judgment, pay-

able to the Secretary of the Disciplinary Board.

[¶ 10] IT IS FURTHER ORDERED, that Summers must comply with N.D.R. Lawyer Discipl. 4.5 regarding reinstatement.

[¶ 11] IT IS FURTHER ORDERED, that Summers must comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶ 12] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.

[¶ 13] MARING, J., disqualified, did not participate in the decision.