2014 ND 19

In the Matter of the Application for DISCIPLINARY ACTION AGAINST Anne E. SUMMERS, A Person Admitted to the Bar of the State of North Dakota.

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner

v.

Anne E. Summers, Respondent.

Nos. 20130414, 20130416.

Supreme Court of North Dakota.

Feb. 12, 2014.

SUSPENSION ORDERED

PER CURIAM.

[¶ 1] The Court has before it Findings of Fact, Conclusions of Law and Recommendations by the Hearing Panel of the Disciplinary Board recommending that Anne E. Summers be suspended from the practice of law in North Dakota for one year and that she pay costs of the disciplinary proceeding for violations of the North Dakota Rules of Professional Conduct. We conclude Summers violated N.D.R. Prof. Conduct 1.1, 1.3, 1.4, 3.4(c), and 8.4(f); and N.D.R. Lawyer Discipl. 1.2(A)(8) and 6.3(A) in three consolidated matters, and we adopt the findings, conclusions, and recommendations of the hearing panel.

[¶ 2] Summers was admitted to practice law in the state of North Dakota on October 11, 1982. In an opinion filed June 7, 2012, Summers' license was suspended

for nine months, effective August 1, 2012. *Disciplinary Board v. Summers*, 2012 ND 118, 817 N.W.2d 351. In an opinion filed June 7, 2012, her license to practice law was suspended for six months and one day, with the suspension conditionally stayed for a one-year probationary period to commence on August 1, 2012. *Disciplinary Board v. Summers*, 2012 ND 116, 817 N.W.2d 363. Finally, in an order filed October 1, 2012, her license to practice law was suspended six months and one day, effective retroactively to August 1, 2012. *Disciplinary Board v.Summers*, 2012 ND 205, 821 N.W.2d 758.

[¶ 3] Summers was served a Summons and Petition for Discipline in each of the consolidated matters. She filed an answer to each petition denying misconduct and requesting dismissal. A hearing panel was appointed, and it considered the following matters.

### File No. 5282–W–1201

[¶ 4] Summers represented Nicholas Graf regarding primary parental responsibility. Summers did not competently or diligently prepare for trial. Summers failed to timely disclose Graf's mother as a witness, resulting in the exclusion of her testimony; failed to present a parenting plan prior to trial; failed to make child support calculations and present them to the court; and failed to adequately communicate with Graf.

[¶ 5] Following the trial, Summers submitted a request for reconsideration to the judge. Summers' submission contained supporting documents not part of the trial record. The court determined the submission was an attempt to bring matters before the court which had not been offered into evidence at the trial, and determined it to be improper.

### File No. 5420–W–1209 and 5418–W–1301

[¶ 6] Summers represented Kelly Herrmann and Brenda Dietrich in their respective divorce actions. Under N.D.R. Lawyer Discipl. 6.3(A), a lawyer is required to "cause notice to be given by registered or certified mail, return receipt requested, to all clients being represented in pending matters ..." within 10 days of the date of an order in which a lawyer is suspended. Summers did not timely notify Herrmann or Dietrich of her suspension in *Disciplinary Board v. Dyer*, 2012 ND 118, 817 N.W.2d 351, the order for which was filed June 7, 2012.

[¶ 7] On June 20, 2012, approximately 19 days prior to Herrmann's trial, Summers filed a motion to withdraw as his counsel because Herrmann failed to keep in touch with her and his general lack of cooperation, as well as because of Summers' upcoming suspension. Prior to filing this motion, Summers did not advise Herrmann she would be suspended from the practice of law and may be unable to represent Herrmann at trial.

[¶ 8] Summers represented Dietrich at her trial which began on June 22, 2012, and subsequently, Dietrich received a copy of a letter notifying her of Summers' suspension. Summers did not advise Dietrich she would be suspended from the practice of law and may be unable to advise her after trial.

[¶ 9] A hearing panel was appointed, and it heard the matter October 8, 2013. The hearing panel filed its findings, conclusions, and a recommendations on December 19, 2013. The hearing panel concluded Summers' conduct in the consolidated matters violated the following rules:

1.  N.D.R. Prof. Conduct 1.1, Competence, which provides that a lawyer shall provide competent representation to a client and provides that

competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation;

2. N.D.R. Prof. Conduct 1.3, Diligence, which provides that a lawyer shall act with reasonable diligence and promptness in representing a client;

3. N.D.R. Prof. Conduct 1.4, Communication, which provides that a lawyer shall reasonably consult with the client about the means by which the client's objectives are to be accomplished; shall make reasonable efforts to keep the client reasonably informed about the status of a matter; shall promptly comply with the client's reasonable requests for information; and shall explain the matters related to the representation to the extent reasonably necessary to permit the client to make informed decisions;

4. N.D.R. Prof. Conduct 3.4(c), which provides that a lawyer shall not knowingly disobey an obligation under the rules of a tribunal, through a violation of the notice requirements of N.D.R. Lawyer Discipl. 6.3(A);

5. N.D.R. Lawyer Discipl. 1.2(A)(8) and N.D.R.Prof. Conduct 8.4(f), Conduct engaging in conduct prejudicial to the administration of justice, including willful violation of a valid order of the court, through a violation of the notice requirements of N.D.R. Lawyer Discipl. 6.3(A);

■ [¶ 10] In recommending a sanction, the hearing panel considered Summers' prior disciplinary offenses, her pattern of misconduct, and her substantial experience in the practice of law as aggravating factors under N.D. Stds. Imposing Lawyer Sanctions 9.22. The hearing panel considered Summers' cooperative attitude towards the proceedings as a mitigating factor under N.D. Stds. Imposing Lawyer Sanctions 9.23. The hearing panel concluded a one-year suspension is the most appropriate sanction under N.D. Stds. Imposing Lawyer Sanctions 4.42(b) and 6.22.

[¶ 11] Objections to the hearing panel's findings, conclusions, and recommendations were due within 20 days of service of the report. No objections were received, and the matter was submitted to the Court for consideration. The Court considered the matter, and

[¶ 12] ORDERED, that the findings, conclusions, and recommendations of the hearing panel are accepted. We order Summers suspended from the practice of law for one year, effective upon entry of the judgment in this matter.

[¶ 13] IT IS FURTHER ORDERED, that Summers pay the costs of the disciplinary proceeding in the amount of $5,000 within 60 days of the judgment, payable to the Secretary of the Disciplinary Board.

[¶ 14] IT IS FURTHER ORDERED, that Summers must comply with N.D.R. Lawyer Discipl. 4.5 regarding reinstatement.

[¶ 15] IT IS FURTHER ORDERED, that Summers must comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶ 16] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DALE V. SANDSTROM, CAROL RONNING KAPSNER, and DANIEL J. CROTHERS, JJ., concur.